IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:24-CV-345-BO-RJ

| | | |
|---|---|---|
| MAUREEN DENARDO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| COMPUTER DATA SOURCE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on defendant Computer Data Source's motion to set aside Clerk's Default, which was entered on June 25, 2024. [DE 11; DE 9]. Plaintiff has notified the Court that while she does not consent to the motion to set aside Clerk's Default she will not file a brief in opposition. [DE 16].

Entry of default may be set aside for good cause. Fed. R. Civ. P. 55(c). "When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Est. of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006). As a general matter, there is a strong preference that defaults be avoided and that matters are disposed of on the merits. *Colleton Prep. Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010).

The Court has considered the arguments presented by Computer Data Source (CDS) in its motion and finds that good cause for setting aside default has been established. First, CDS has

proffered a sufficient forecast of a meritorious defense to plaintiff's gender discrimination and retaliation claims. *See United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) ("all that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party."). CDS contends, *inter alia*, that plaintiff did not engage in protected activity, that she was not treated differently from her male coworkers on the basis of her sex, and that her claims in her complaint exceed the scope of her EEOC charge. This is sufficient, for the purposes of this motion, to show that CDS has a meritorious defense to plaintiff's claims.

Defense counsel was retained on July 11, 2024, two weeks following the entry of default. The reason for the delay was CDS's mistaken belief that by notifying its insurance carrier of its receipt of the complaint, it needed to take no further action and that a defense would be provided. [DE 12-1]. Counsel filed the instant motion to set aside the default fewer than thirty days after he was retained. The Court determines that, while CDS bears the responsibility for failing to respond to the complaint, counsel acted with reasonable promptness after being retained under the circumstances.

There is no suggestion that CDS has engaged in dilatory action, the case is in its beginning stages, and the Court discerns no real prejudice in the delay caused by CDS or in requiring plaintiff to prosecute her claims. *Colleton Preparatory Acad.*, 616 F.3d at 418-19. In light of the strong preference for resolution of claims on their merits, the Court will set aside the entry of default.

2

Case 7:24-cv-00345-BO-RJ   Document 17   Filed 11/26/24   Page 2 of 3

## CONCLUSION

The motion by CDS to set aside default [DE 11] is GRANTED. Clerk's Default [DE 9] is hereby SET ASIDE. CDS shall answer or otherwise respond to the complaint within fourteen (14) days of the date of entry of this order.

SO ORDERED, this _____ day of November 2024.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE